## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| **JORGE CABEZAS**<br>7254 Siesta Street<br>Navarre, FL 53566 | ) ) ) ) | |
| **JONATHAN BURCHFIELD**<br>1512 River Bend<br>Mission, TX 78572 | ) ) ) ) | Civil Action No.: |
| **JOSE SANCHEZ**<br>10647 E. 36th Place<br>Yuma, AZ 85365 | ) ) ) ) | |
| *On Behalf of Themselves and*<br>*All Others Similarly Situated* | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| **TECHNOLOGY AND SUPPLY**<br>**MANAGEMENT, LLC**<br>3877 Fairfax Ridge Road, Ste. 110N<br>Fairfax, VA 22030 | ) ) ) ) ) | |
| **WILLIAM JONAS**<br>3877 Fairfax Ridge Road, Ste. 110N<br>Fairfax, VA 22030 | ) ) ) ) | |
| **MARINA BURGSTAHLER**<br>3877 Fairfax Ridge Road, Ste. 110N<br>Fairfax, VA 22030 | ) ) ) ) | |
| Defendants. | ) ) ) | |

## COLLECTIVE ACTION COMPLAINT
## FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiffs—Jorge Cabezas, Jonathan Burchfield and Jose Sanchez (collectively referred to herein as the "Named Plaintiffs")—on behalf of themselves and all others similarly situated, by

and through counsel, hereby submit this Collective Action Complaint against Technology and Supply Management, LLC ("TaSM"), William Jonas and Marina Burgstahler (the defendants shall be referred to collectively as the "Defendants"), who together are individually and jointly liable as a single enterprise, to recover unpaid wages, liquidated damages, attorneys' fees and costs under the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). All allegations made in this Collective Action Complaint are based on information and belief, except those allegations that pertain to the Named Plaintiffs, which are based on personal knowledge. The Named Plaintiffs' information and beliefs are based, *inter alia*, on the investigation made by and through counsel.

## NATURE OF THE CASE

1.     TaSM is a defense contractor headquartered in Fairfax, Virginia. In addition to Virginia, it has operations in Maryland, Arizona and Texas.

2.     TaSM contracts with the U.S. Military and other public and private organizations to provide logistics support including transportation services.

3.     TaSM provides logistics and maintenance support for the Aerostat—a tethered implementation utilized for surveillance projects. Upon information and belief, TaSM focuses its business on unmanned aerial vehicles ("UAV"), unmanned aerial systems ("UAS"), and surveillance and video/imagery solutions. UAV are more commonly known as "drones."

4.     For the Aerostat, TaSM employs a category of employee called Shift Lead. The Shift Leads work with the Aerostat (these Shift Leads will be referred to herein as the "Aerostat Shift Leads").

5. TaSM's policy and practice is to deny earned wages and overtime pay to its Aerostat Shift Leads. TaSM's failure to pay employees their earned wages and overtime compensation has been deliberate and violates the FLSA.

6. The Named Plaintiffs and all other similarly situated persons are current and former Aerostat Shift Leads who were/are not paid full wages for all hours worked or overtime compensation at a rate not less than one and one-half (1.5) times the regular rate at which they were/are employed for work performed in excess of forty (40) hours per workweek, as required by federal law, for the three (3) year period immediately preceding the filing of this action. This lawsuit is brought as a collective action under the FLSA to recover unpaid wages and overtime compensation owed to the Named Plaintiffs and all other similarly situated persons.

## JURISDICTION AND VENUE

7. The FLSA authorizes claims by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over this FLSA collective action is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Defendants are subject to personal jurisdiction in this District as TaSM maintains its principal place of business/headquarters in this District, regularly does business throughout the Commonwealth of Virginia, and employed/employs the Named Plaintiffs and all other similarly situated employees through its headquarters in Virginia.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), as TaSM resides in this District and because a substantial part of the events giving rise to the claims herein occurred in this District.

## PARTIES

10.    Named Plaintiff Cabezas currently resides in Texas. Though he performed services on behalf of TaSM in Texas, he was hired by the Defendants out of the Fairfax, VA headquarters and, at all times relevant hereto, was employed and directed by them (in part) out of the Fairfax, VA headquarters.

11.    Named Plaintiff Cabezas was employed by TaSM as an Aerostat Shift Lead from in or about October 2014 through January 2017 when he was laid off.

12.    Named Plaintiff Cabezas was an "employee" of TaSM as that term is defined by Section 203 of the FLSA.

13.    Named Plaintiff Burchfield currently resides in Texas. Though he performed services on behalf of TaSM in Texas, he was hired by the Defendants out of the Fairfax, VA headquarters and, at all times relevant hereto, was employed and directed by them (in part) out of the Fairfax, VA headquarters.

14.    Named Plaintiff Burchfield was employed by TaSM as an Aerostat Shift Lead from in or about December 2016 through February 2017 when he was laid off.

15.    Named Plaintiff Burchfield was an "employee" of TaSM as that term is defined by Section 203 of the FLSA.

16.    Named Plaintiff Sanchez currently resides in Arizona. Though he performed services on behalf of TaSM in Texas, he was hired by the Defendants out of the Fairfax, VA headquarters and, at all times relevant hereto, was employed and directed by them (in part) out of the Fairfax, VA headquarters.

17.    Named Plaintiff Sanchez was employed by TaSM as an Aerostat Shift Lead from in or about June 2015 through January 2016.

4

18.     Named Plaintiff Sanchez was an "employee" of TaSM as that term is defined by Section 203 of the FLSA.

19.     Upon information and belief, TaSM is a Limited Liability Company formed under the laws of the Commonwealth of Virginia. TaSM maintains its headquarters/principal executive offices at 3877 Fairfax Ridge Road, Suite 110N, Fairfax, VA 22030.

20.     Upon information and belief, the Defendants employed/employ and directed/direct the Aerostat Shift Leads out of the headquarters in Fairfax, VA.

21.     Defendants assign the Aerostat Shift Leads to perform services primarily in Texas and Arizona.

22.     Defendants were the "employer" of the Named Plaintiffs and were/are the "employer" of all other similarly situated persons as that term is defined by Section 203 of the FLSA.

23.     Defendant Jonas is an owner of TaSM and, at all times during the employment of the Named Plaintiffs and all other similarly situated persons, has been the President of the company.

24.     Defendant Burgstahler is an owner of TaSM and, at all times during the employment of the Named Plaintiffs and all other similarly situated persons, has been the Chief Operating Officer of the company.

25.     Upon information and belief, at all times during the employment of the Named Plaintiffs and all other similarly situated persons, Defendant Jonas in his capacity as the President and Defendant Burgstahler in her capacity as Chief Operating Officer, had extensive managerial responsibilities and substantial control over the terms and conditions of the work of the Named Plaintiffs and all other similarly situated persons. They each could and did:

a.     hire and direct the Named Plaintiffs and all other similarly situated persons;

b.     exercise control over the employment relationship and the work schedules of the Named Plaintiffs and all other similarly situated persons; and

c.     set and determine the rate and method of pay of the Named Plaintiffs and all other similarly situated persons.

## COLLECTIVE ACTION ALLEGATIONS

26.     Pursuant to 29 U.S.C. § 207, the Named Plaintiffs seek to prosecute the FLSA claims as a collective action on behalf of themselves and all similarly situated persons who are and/or were formerly employed by the Defendants since May 16, 2014 (the "Look-Back Period"). As explained below, these current and former TaSM employees did not receive any wages for certain hours which they have worked as Aerostat Shift Leads at TaSM, and they did not receive required overtime compensation at a rate not less than one and one-half (1.5) times the regular rate at which they were/are employed for work performed during the Look-Back Period.

27.     The precise number of such persons is unknown, and the facts on which the calculation of that number is based are presently within the sole control of Defendants. Upon information and belief, however, there may be at least ten (10) potential members of the collective action who were and/or are employed by the Defendants during the Look-Back Period, most of whom would not be likely to file individual lawsuits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

28.     The Named Plaintiffs will fairly and adequately protect the interests of the putative class and have retained counsel who are experienced and competent in the fields of employment law and FLSA collective action litigation such as this.

29.     A collective action is superior to other available methods for the fair and efficient adjudication of this litigation—particularly in the context of wage litigation like the present action, where the individual plaintiffs likely lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

30.     Furthermore, because the damages suffered by each similarly situated person are relatively small compared to the substantial expense and burden of litigation, it would be virtually impossible for any former and/or current employee of TaSM affected by its unlawful pay practices to pursue relief under the FLSA other than as part of a collective action.

31.     There are questions of law and fact common to the members of the collective action which predominate over questions that may affect only individual members because Defendants have acted on grounds and applied policies applicable to all members.  Among the questions of law and fact common to the Named Plaintiffs and all other similarly situated persons are, *inter alia*:

        a.      whether Defendants misclassified the exemption status of the Named Plaintiffs and all other similarly situated persons;

        b.      whether Defendants have a policy of misclassifying workers as exempt from coverage of the overtime provisions of the FLSA;

        c.      whether Defendants failed to pay the Named Plaintiffs and all other similarly situated persons wages for all hours worked as well as proper overtime compensation

for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

       d.     whether Defendants failed to include work travel time in the computation of hours worked by the Named Plaintiffs and all other similarly situated persons;

       e.     whether Defendants failed to pay the Named Plaintiffs and all other similarly situated persons wages and proper overtime compensation for compensable travel time;

       f.     whether Defendants failed to pay the Named Plaintiffs and all other similarly situated persons wages and proper overtime compensation for participation in mandatory work conference calls;

       g.     whether Defendants disallowed or prohibited time entries to be made by the Named Plaintiffs and all other similarly situated persons;

       h.     whether Defendants improperly computed the number of overtime hours for the Named Plaintiffs and all other similarly situated persons based on time periods other than their workweeks;

       i.     whether Defendants improperly paid the Named Plaintiffs and all other similarly situated persons based on time periods other than their workweeks;

       j.     whether Defendants improperly calculated compensation for overtime hours using a method other than applying a rate not less than one and one-half (1.5) times the regular rate for work performed in excess of forty (40) hours per workweek;

       k.     whether Defendants ever informed the Named Plaintiffs and all other similarly situated persons of the method by which their work hours and overtime pay would be calculated;

l.       whether Defendants maintained and distributed any written policy concerning the method by which the work hours and overtime pay for the Named Plaintiffs and all other similarly situated persons would be calculated;

m.      whether Defendants failed to keep accurate and complete time records for all hours worked by the Named Plaintiffs and all other similarly situated persons;

n.      whether Defendants failed to keep payroll records and pay stubs that include the information required by the FLSA;

o.      whether Defendants failed to provide pay stubs that separately identify the number of overtime hours worked each workweek and the overtime rate of pay;

p.      whether Defendants violated the overtime compensation requirements of the FLSA by acquiescing to the instructions of its customer(s);

q.      whether Defendants violated the rights of the Named Plaintiffs and all other similarly situated persons provided by the Service Contract Act;

r.      whether Defendants violated the rights of the Named Plaintiffs and all other similarly situated persons provided by the Contract Work Hours and Safety Standards Act;

s.      whether Defendants' violations of the FLSA have been willful or with reckless disregard of the statute;

t.      whether Defendants are liable for all damages claimed herein including, but not limited to, compensatory, liquidated, interest, costs, and attorneys' fees; and

u.      whether Defendants should be enjoined from violations of the FLSA in the future.

32.     The Named Plaintiffs know of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a collective action.

33.    If individual actions were required to be brought by each member of the putative class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Named Plaintiffs, the putative class members, Defendants and the Court.

34.    The members of the FLSA putative class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.

## STATEMENT OF FACTS

35.    Upon information and belief, during the Look-Back Period, Defendants have improperly classified the Named Plaintiffs and other similarly situated Aerostat Shift Leads as "exempt" from the requirements of the FLSA thereby denying these employees proper wages and overtime compensation for hours worked in excess of forty (40) per workweek, as required by the FLSA.

36.    In the alternative, if during the Look-Back Period, Defendants have classified the Named Plaintiffs and other similarly situated Aerostat Shift Leads as "non-exempt" from the requirements of the FLSA, they have willfully failed to pay these employees proper wages and overtime compensation for hours worked in excess of forty (40) per workweek, as required by the FLSA.

37.    Upon information and belief, Defendants have violated the FLSA by failing to compensate the Aerostat Shift Leads at a rate not less than one and one-half (1.5) times the regular rate for work performed in excess of forty (40) hours per workweek.

38.    Upon information and belief, Aerostat Shift Leads are deemed to be employed by Defendants out of VA and their primary work activities for the company are initially assigned by Defendants from the corporate headquarters in Fairfax, VA. Once the Aerostat Shift Leads are assigned to their work locations, Defendants still have involvement with the assignment and

direction of their daily job duties and responsibilities, and their pay including the rate of pay and method by which the wages are paid.

39.    Though the Aerostat Shift Leads are hired by Defendants out of the VA headquarters, they may perform services on behalf of TaSM in other states at the direction of Defendants. These other states include Arizona and Texas.

40.    The Aerostat Shift Leads work more than forty (40) hours per workweek with the knowledge, permission, and mandate of the Defendants.

41.    Defendants maintain nationwide policies and patterns or practices that violate the rights of the Named Plaintiffs and all other similarly situated persons under the FLSA.

42.    As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, but may not be limited to:

    a.    misclassifying the Named Plaintiffs and all other similarly situated persons as exempt from the requirements of the FLSA;

    b.    failing to include in the computation of hours worked the time spent by the Aerostat Shift Leads traveling for work;

    c.    failing to pay the Named Plaintiffs and all other similarly situated persons wages and proper overtime compensation for participation in mandatory work conference calls;

    d.    in workweeks during which more than forty (40) hours were/are worked, not paying the Aerostat Shift Leads at a rate not less than one and one-half (1.5) times the regular rate at which they were/are employed for the work performed in excess of forty (40) hours per workweek as required by the FLSA;

e.      improperly computing the overtime hours of the Named Plaintiffs and all other similarly situated persons based on the two-week pay period and not the actual workweek;

f.      failing to pay the Named Plaintiffs and all other similarly situated persons on the basis of the actual workweek and not the two-week pay period;

g.      using a method to compute overtime pay which is in violation of the FLSA;

h.      failing to inform the Named Plaintiffs and all other similarly situated persons of the method by which their work hours and overtime pay would be calculated;

i.      failing to maintain and distribute any written policy concerning the method by which the work hours and overtime pay for the Named Plaintiffs and all other similarly situated persons would be calculated;

j.      failing to tell the Named Plaintiffs and all other similarly situated persons to record their hours worked as required by the FLSA;

k.      failing to maintain a time-recording or time-keeping system as required by the FLSA;

l.      failing to keep payroll records and provide pay stubs that include the information required by the FLSA;

m.      failing to provide pay stubs that separately identify the number of overtime hours worked each workweek and the applicable overtime rate of pay; and

n.      failing to maintain the proper, accurate, and complete documentation and records including the Named Plaintiffs' and all other similarly situated persons' work travel time and full amount of hours worked on a daily and weekly basis as required by the FLSA.

43. Upon information and belief, Defendants' unlawful conduct detailed in this Collective Action Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

44. The Named Plaintiffs and all other similarly situated persons suffered injury and were negatively affected in a similar fashion as a result of the above-described policies and actions of Defendants.

45. Upon information and belief, Defendants have committed the above-described FLSA violations as a result of their own improper classification of the Named Plaintiffs and all other similarly situated persons as "exempt," when they should have been classified as non-exempt under the FLSA.

46. Alternatively, Defendants have violated the FLSA by improperly calculating compensation for overtime hours using a method other than applying a rate not less than one and one-half (1.5) times the regular rate for work performed in excess of forty (40) hours per workweek.

47. The Named Plaintiffs and all other similarly situated persons do not fit into any exemption under the FLSA and, therefore, any classification of these employees as exempt from overtime compensation is improper and violates the FLSA.

48. The Aerostat Shift Leads work in two 12-hour shifts—the day shift from 9:00 a.m. to 9:00 p.m. and the night shift from 9:00 p.m. to 9:00 a.m. Their primary job duties are to work outside at the site along with the team members (*i.e.*, "Aerostat Operators"), monitor the team's activity and perform routine, manual tasks to operate the Aerostat. More specifically, they:

a.     upon arrival to the site, inspect the system and equipment along with the team members;

b.     attend the briefing with their team members and the team from the outgoing shift concerning the status of the mission and weather conditions;

c.     confer with the team members about the current weather conditions and whether or not to fly the Aerostat;

d.     sit in the Ground Control Station along with the team members and rotate with them in the operation of the surveillance cameras on the Aerostat, monitoring the telemetry, condition of the Aerostat, wind conditions and helium levels during the flight;

e.     communicate with Border Patrol Agents about the mission;

f.     follow instructions and orders from the Team Lead;

g.     prepare flight logs; and

h.     if on the night shift, prepare and email to the Team Lead and other superiors a report that includes the flight log, operators log, number of bodies detected, helium log, and the King Ranch report.

49.     The Aerostat Shift Leads and their daily job duties and assignments are directed and managed by the Team Lead and, at times, individuals who are not employees of TaSM.

50.     Aerostat Shift Leads do not manage the enterprise.

51.     Aerostat Shift Leads do not customarily or regularly direct the work of other full-time employees of TaSM, nor do they have any authority to hire or fire other employees.

52.     Aerostat Shift Leads do not perform office or non-manual work directly related to the management or general business operations of TaSM.

53.     Aerostat Shift Leads' primary duty does not include the performance of work requiring advanced knowledge (defined as work which is predominantly intellectual in character and which includes work requiring the consistent exercise of discretion and judgment). Knowledge possessed by the Aerostat Shift Leads and utilized for their work is not in a field of science or learning, nor is it acquired by a prolonged course of specialized intellectual instruction.

54.     Aerostat Shift Leads do not perform work typically associated with computer systems analysts, computer programmers, software engineers or other similarly skilled workers in the computer field.  Further, Aerostat Shift Leads' primary duty does not include the design, development, and/or creation of computer systems or programs.  Only a minimal percentage of the Aerostat Shift Leads' work time involves working on a computer.

55.     Defendants have intentionally and repeatedly misrepresented the true nature of compensation to the Named Plaintiffs and all other similarly situated persons, thereby failing to disclose and consciously concealing their true non-exempt status under the FLSA and their entitlement to receive full wages and proper compensation for their overtime work.

56.     Upon information and belief, those actions were deliberately taken to confuse and deceive the Named Plaintiffs and all other similarly situated persons regarding their entitlement to fair and full compensation for their work.  The Named Plaintiffs and all other similarly situated persons relied upon Defendants' misrepresentations.  As a direct and proximate result, the Named Plaintiffs and all other similarly situated persons were unable to determine their true status under the FLSA and determine whether they were being paid at the required overtime rate for work hours in excess of forty (40) per workweek.

57.     There are numerous other similarly situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-supervised notice of the present action and the opportunity to join the present action. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through its records. All employees and former employees who have been employed by Defendants as Aerostat Shift Leads and who were not performing duties that qualified them to be exempt from the FLSA's requirement of overtime pay for work in excess of forty (40) hours per workweek, would benefit from Court-supervised notice and an opportunity to join the present action and should be so notified.

58.     Defendants have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay the Named Plaintiffs and all other similarly situated persons in accordance with the statute.

59.     As a direct and proximate result of Defendants' violations of the FLSA, the Named Plaintiffs and all other similarly situated persons have suffered damages by failing to receive compensation to which they were entitled.

**COUNT ONE**
**FAIR LABOR STANDARDS ACT – COLLECTIVE ACTION**

60.     The Named Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs as though fully set forth herein.

61.     Defendants engaged and continue to engage in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Collective Action Complaint.

62.     At all times relevant hereto, Defendants are and have been an "employer" of the Named Plaintiffs and all other similarly situated persons within the meaning of § 203(d) of the FLSA.

63. At all times relevant hereto, Defendants are and have been an employer/enterprise engaged in interstate commerce and/or the production of goods for commerce within the meaning of §§ 206(a) and 207(a) of the FLSA.

64. At all times relevant hereto, Defendants employed and/or continue to employ the Named Plaintiffs and all other similarly situated persons within the meaning of the FLSA.

65. At all relevant times hereto, upon information and belief, TaSM has had gross revenues in excess of $500,000.00.

66. Each Named Plaintiff consents in writing to be a party plaintiff to this action pursuant to § 216(b) of the FLSA. Each of the Named Plaintiff's written Consent Form is attached hereto and incorporated by reference.

67. There were many workweeks during the Look-Back Period when the Named Plaintiffs and all other similarly situated persons worked more than forty (40) hours.

68. Because Defendants willfully violated the FLSA by misclassifying the Named Plaintiffs and all other similarly situated persons, a three-year (3) statute of limitations applies to such violations pursuant to § 255 of the FLSA.

69. Defendants have willfully and intentionally engaged and continue to engage in a widespread pattern and practice of violating the provisions of the FLSA by misclassifying the Named Plaintiffs and all other similarly situated persons as "exempt" employees, thereby failing and refusing to pay the proper hourly wage computation of current and former Aerostat Shift Leads, including the Named Plaintiffs and all other similarly situated persons, in accordance with § 206 and § 207 of the FLSA.

70. In the alternative, Defendants have willfully and intentionally engaged and continue to engage in a widespread pattern and practice of violating the provisions of the FLSA

by failing to compensate the Named Plaintiffs and all other similarly situated persons at a rate not less than one and one-half (1.5) times the regular rate for work performed in excess of forty (40) hours per workweek.

71.    At all times relevant hereto, Defendants had and have a policy and practice of refusing to pay wages for all hours worked as well as overtime compensation at the proper rate to the Named Plaintiffs and all other similarly situated persons for their hours worked in excess of forty (40) hours per workweek.

72.    At all times relevant hereto, Defendants had and have a policy and practice of requiring the Named Plaintiffs and all other similarly situated persons to perform non-exempt duties without proper compensation and overtime compensation.

73.    As a result of Defendants' willful failure to compensate their employees, including the Named Plaintiffs and all other similarly situated persons, at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants have willfully violated, and continues to willfully violate the FLSA.

74.    As a result of Defendants' failure to record/report the full amount of time the Named Plaintiffs and all other similarly situated persons worked/work and to compensate them for such time, Defendants have failed to make, keep, and preserve accurate records with respect to each of the employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA.

75.    As a result of Defendants' FLSA violations as alleged herein, the Named Plaintiffs and all other similarly situated persons have suffered damages by being denied full wages and overtime compensation in accordance with the FLSA.

76.     Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Named Plaintiffs and all other similarly situated persons.

77.     As a direct and proximate result of Defendants' unlawful acts, the Named Plaintiffs and all other similarly situated persons have been deprived of wages and overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, interest, costs, attorneys' fees, and other compensation pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs—Jorge Cabezas, Jonathan Burchfield and Jose Sanchez—individually and on behalf of all other similarly situated persons, pray for the following relief:

(A)     certification of this action as a collective action brought pursuant to § 216(b) of the FLSA;

(B)     a determination that the practices, policies, and patterns complained of herein are unlawful under the FLSA;

(C)     a determination that the Defendants are liable, jointly and severally, for the violations of the FLSA;

(D)     an injunction against Defendants from engaging in each of the unlawful practices, policies, and patterns complained of herein, including enjoining Defendants from classifying the Named Plaintiffs and all other similarly situated persons as exempt under the FLSA;

(E)     a designation of the Named Plaintiffs as Class Representatives;

(F)     at the earliest possible time, an Order that Defendants be required to give notice, or that the Court issue such notice, to all of Defendants' employees in all locations within the United States and Puerto Rico during the three (3) years immediately preceding the filing of this

action, who are or may be similarly situated to the Named Plaintiffs, informing them that this action has been filed, describing the nature of the allegations, and advising them of their right to opt-into this action if they worked for the Defendants but were not paid proper wages and/or full overtime pay and benefits pursuant to § 216(b) of the FLSA;

(G)     an award of damages against the Defendants, jointly and severally, in an amount to be determined at trial, including unpaid back-end and front-end wages as well as liquidated damages pursuant to the FLSA and regulations of the United States Department of Labor promulgated pursuant to the FLSA;

(H)     penalties available under applicable law;

(I)     pre- and post-judgment interest, as provided by law;

(I)     an award against the Defendants, jointly and severally, for reasonable attorneys' fees and costs of suit, including expert fees; and

(J)     such other legal and equitable relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs—Jorge Cabezas, Jonathan Burchfield and Jose Sanchez—demand a trial by jury on all claims and issues triable as a matter of right by a jury.

Dated:  May 16, 2017                    Respectfully submitted,

James E. Hannon, Jr.
Williams & Hannon, PLLC
493 McLaws Circle, Ste. 2
Williamsburg, VA 23185
Tel: (757) 345-3600
Fax: (757) 345-6219

*Of-Counsel*

Peter R. Rosenzweig
Edward T. Butkovitz
Kleinbard LLC
One Liberty Place, 46th Floor
1650 Market Street
Philadelphia, PA 19103
Tel: (267) 443-4120
Fax: (215) 568-0140

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Technology and Supply Management, LLC and/or its owners, officers, subsidiaries, contractors, managers, shareholders and/or affiliates to pay me minimum wages and overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

Date: _21 APR 17_

_JORGE E. CABEZAS_
Printed Name

Signature

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Technology and Supply Management, LLC and/or its owners, officers, subsidiaries, contractors, managers, shareholders and/or affiliates to pay me minimum wages and overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

Date: _20 April 2017_

_Jonathan D. Burchfield_
Printed Name

_Jonathan D. Burchfield_
Signature

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Technology and Supply Management, LLC and/or its owners, officers, subsidiaries, contractors, managers, shareholders and/or affiliates to pay me minimum wages and overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

Date: ___4/24/17___

___Jose A. Sanchez___
Printed Name

_____
Signature